IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS P. HOCHBAUM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| CITY OF FULTON, a municipal | ) | |
| Corporation, RANDY BALK, | ) | |
| Individually and in his official | ) | |
| Capacity as the City Administrator | ) | |
| For the City of Fulton, and JAMES | ) | |
| E. RHODES, individually and in his | ) | |
| Official capacity as the Chief of | ) | Jury Demanded |
| Police of the City of Fulton | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JT**

**RECEIVED**
**JUNE 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 50097**

**JUDGE KAPALA**
**MAGISTRATE JUDGE MAHONEY**

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, Thomas Hochbaum, by and through his attorneys, PILLERS AND RICHMOND, and in his Complaint against the Defendants, CITY OF FULTON, RANDY BALK, AND JAMES RHODES, states as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the First and Fourteenth Amendments to the Constitution of the United States and the supplemental jurisdiction of this Court as codified in 28 U.S.C. § 1367 (a).

### PARTIES

2. At all times material hereto, Plaintiff, Thomas Hochbaum, was a resident of the City of Fulton and was employed as a Sergeant by the City of Fulton Police Department, in the State of Illinois.

3. At all times material hereto, Defendant, City of Fulton, was a duly incorporated Illinois municipal corporation and is the employer and/or principal of the Defendants.

4. At all times material hereto, Defendant, Randy Balk, was the City Administrator for the City of Fulton in the State of Illinois. At all relevant times, this Defendant was acting under the color of law. This Defendant is sued in his individual and official capacity.

5. At all times material hereto, Defendant, James Rhodes, was the Chief of Police for the City of Fulton. At all relevant times, this Defendant was acting under the color of law. This Defendant is sued in his individual and official capacity.

6. Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times material herein acted under color of state law, ordinance, regulations, custom or usage.

## FACTS COMMON TO ALL COUNTS

7. Thomas Hochbaum was hired as a police officer by the City of Fulton on or about January 1996.

8. During the course of his employment with the City of Fulton Police Department Plaintiff consistently received performance evaluations demonstrating that he satisfactorily, and in many cases excellently, performed all job duties.

9. Due to his positive job performance, Plaintiff was promoted to Sergeant of the Fulton Police Department.

10. Prior to May 15, 2007 Plaintiff was never disciplined by way of suspension or written reprimand; in fact, Plaintiff was never disciplined for a serious infraction.

11. On or about October 2006, Plaintiff became the principle negotiator with the Illinois Fraternal Order of Police in an attempt to unionize the City of Fulton Police Department.

12. The Plaintiff acted as spokesperson for the proposed union, disseminating information to fellow officers and other interested persons.

13. In an effort to further the unionization of the Fulton Police Department the Plaintiff planned and held organizational meetings at his Fulton residence.

14. The Plaintiff was known to be a union organizer by multiple decision and/or policy makers in the City of Fulton Police Department and in the city government itself.

15. On or about May 15, 2007 Plaintiff was involved in an incident, the severity of which did not result in discharge of similarly situated employees.

16. The incident in question concerned a purely personal matter that, due to nothing more than a chance encounter, spilled over into a public arena.

17. The allegations levied against the Plaintiff by the Defendants concerning said matter were made in retaliation for the Plaintiff exercising his First Amendment rights of free speech and association.

18. James Rhodes conducted a rudimentary and insufficiently thorough investigation in response to the alleged incident and other accusations regarding the Plaintiff's job performance.

19. The findings of the investigation were used to establish that just cause existed for terminating Plaintiff. Just cause did not in fact exist as the conduct cited by the Defendants did not constitute just cause when other officers were guilty of the same conduct.

20. On or about June 6, 2007, Plaintiff was discharged from his employment with the City of Fulton Police Department.

## COUNT I
## RETALITORY DISCHARGE

21. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through twenty (20) as if though fully set forth herein.

22. On or about October 2006, Plaintiff became the principle negotiator with the Illinois Fraternal Order of Police in an attempt to unionize the City of Fulton Police Department.

23. Plaintiff's dismissal was the direct result of his union activities, and retaliation thereof.

24. The Defendants' termination of Plaintiff was in contravention of public policy based upon Plaintiff's exercise of his rights of freedom of association and speech guaranteed by the First Amendment to the United States Constitution, as well as rights guaranteed by the Ill. Const. art I, §§ 4 and 5, 29 U.S.C. § 151 et. seq., and 820 ILCS 5/1.2.

WHEREFORE, Plaintiff requests that this Court:

A. Order that Defendants pay compensatory damages for losses Plaintiff will and has suffered as a result of Defendants' willful violation of public policy;

B. Order that Defendants pay damages in the amount of Plaintiff's back pay;

C. Order that Defendants pay Plaintiff punitive damages;

D. Award Plaintiff reasonable costs and attorney's fees; and

E. Award Plaintiff any other and further relief as the Court deems just and equitable under the premises.

## COUNT II
## FIRST AMENDMENT RETALIATION

25. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through twenty four (24) as if though fully set forth herein.

26. The Defendant, City of Fulton, by and through it employees and agents, expressed hostility toward the unionization efforts of Plaintiff, expressed said views regarding union activity to the City of Fulton's police officers, and ceased to consider potential officer benefits in retaliation for the aforementioned union activity.

27. Defendants, James Rhodes and Randy Balk, acting individually and as agents for the City of Fulton had animus attitudes regarding the unionization efforts of the City of Fulton police department and demonstrated such by terminating consideration of potential officer benefits in retaliation for said union activity.

28. The conduct of the Defendants in terminating Plaintiff from his employment with the City of Fulton Police Department was intended to retaliate against Plaintiff for the exercise of his rights of freedom of association and speech guaranteed by the First Amendment to the United States Constitution in that their discharge of Plaintiff was based on his union activity and attempt to unionize the City of Fulton Police Department.

29. The conduct of the Defendants in ceasing to consider potential police officer benefits was intended to retaliate against Plaintiff and other police officers for the exercise of their rights of freedom of association and speech guaranteed by the First Amendment to the United States Constitution in that the termination of consideration of certain benefits was based on their union activity.

30. The Defendants retaliated against Plaintiff for exercising his First Amendment rights of free association and speech and intended by their conduct to discourage Plaintiff and other employees for the City of Fulton from exercising their rights under the United States Constitution.

31. As a result of such conduct, Plaintiff has been harmed by loss of his employment with the City of Fulton, inability to find employment with another police department, emotional distress, and other employees have been discouraged in their exercise of First Amendment Constitutional rights of free association and speech.

32. Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times material herein acted under color of state law, ordinance, regulations, custom or usage.

33. Defendants' conduct was intentional, malicious and in bad faith.

WHEREFORE, Plaintiff requests that this Court:

A. Declare that Defendants have violated Plaintiff's constitutional rights of free association and speech guaranteed in the First Amendment to United States Constitution and Article 1, section 4 of the Illinois Constitution;

B. Order Defendants to pay Plaintiff compensatory damages for losses Plaintiff suffered as a result of defendants' willful violation of his constitutional rights;

C. Order Defendants to pay Plaintiff punitive damages;

D. Award Plaintiff costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. Award Plaintiff any and all other further relief that the Court deems just and equitable in the premises.

## COUNT III
## DEPRIVATION OF FOURTEENTH AMENDMENT
## RIGHT TO DUE PROCESS OF LAW

34. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through thirty three (33) as if though fully set forth herein.

35. On or about June 5, 2007 the Defendant City of Fulton conducted an interrogation of Plaintiff as part of a formal investigation.

6

36. On or about June 6, 2007 the City of Fulton, by and through Defendant Randy Balk, sought a meeting with Plaintiff to discuss the avenues available Plaintiff under the City of Fulton Personnel Policy Manuel and to advise Plaintiff that he had been terminated from his employment with the City of Fulton.

37. The purpose of this meeting was not to provide Plaintiff the opportunity to be heard regarding the charges against him.

38. At this meeting Plaintiff requested and was denied representation by a union representative.

39. On or about June 11, 2007 Plaintiff appealed his dismissal pursuant to the City of Fulton Personnel Policy Manuel.

40. On or about July 16, 2007 the City of Fulton's city council voted against holding a hearing to allow Plaintiff the opportunity to be heard regarding the charges against him.

41. As Sergeant of the City of Fulton Police Department, Plaintiff had a property interest in his continued employment, as well as the benefits associated with said employment, which were deprived when Plaintiff was discharged from employment.

42. Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution were violated when Defendants deprived Plaintiff of a cognizable property interest without providing him with notice and an opportunity to heard regarding the charges against him.

43. Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times material herein acted under color of state law, ordinance, regulations, custom or usage.

44. Defendants' conduct was intentional, malicious and in bad faith.

WHEREFORE, Plaintiff requests this Court:

A. Declare that Defendants have violated Plaintiff's constitutional right of due process of law guaranteed in the Fourteenth Amendment to the Constitution and Article 1, section 2 of the Illinois Constitution;

B. Order Defendants to pay Plaintiff compensatory damages for losses Plaintiff suffered as a result of defendants' willful violation of his constitutional rights;

C. Order Defendants to pay Plaintiff punitive damages;

D. Award Plaintiff costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. Award Plaintiff any and all other further relief that the Court deems just and equitable in the premises.

## COUNT IV
## STIGMATIZATION – DEPRIVATION OF DUE PROCESS OF LAW

45. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through forty four (44) as if though fully set forth herein.

46. Subsequent to Plaintiff's termination, Defendants have created and disseminated a false and defamatory impression of Plaintiff in connection with his termination by advising potential employers of facts which are contested by Plaintiff.

47. Plaintiff's due process rights under the United States Constitution were violated when Defendants disseminated defamatory impressions about Plaintiff, inflicting stigma to his reputation, without providing him an opportunity to be heard and refute the charges.

48. Defendants' conduct was intentional, malicious and in bad faith.

WHEREFORE, Plaintiff request that this Court:

A. Issue an appropriate injunction ordering that Defendants cease from disseminating false and derogatory statements regarding Plaintiff.

B. Declare that Defendants have violated Plaintiff's federal constitutional right of due process of law guaranteed in the Fourteenth Amendment to the Constitution;

C. Order Defendants to pay Plaintiff compensatory damages for losses Plaintiff suffered as a result of defendants' willful violation of his constitutional rights;

D. Order Defendants to pay Plaintiff punitive damages;

E. Award Plaintiff costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

F. Award any and all other further relief that the Court deems just and equitable in the premises.

## COUNT V
## BREACH OF EMPLOYMENT CONTRACT

49. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through forty eight (48) as if though fully set forth herein.

50. On or about January 1996 Plaintiff was hired by Defendant, City of Fulton, as a police officer for the City of Fulton.

51. At the time of Plaintiff's hiring he was provided with a City of Fulton Personnel Policy Manual, which constituted an offer, and therein contained clear language of said offer.

52. Plaintiff read the language of the City of Fulton Personnel Policy Manual after he was provided a copy and was aware of the contents set forth within.

53. Plaintiff accepted the offer extended by the City of Fulton by complying with the provisions of the City of Fulton Personnel Policy Manual and continuing employment with the City of Fulton

54. On or about June 6, 2007 the Defendant, City of Fulton, breached its employment contract with Plaintiff when it discharged him without cause and failed to follow provisions

9

contained the City of Fulton Personnel Policy Manual relating to officer discipline and termination.

WHEREFORE, Plaintiff prays that this Court:

A. Find that Defendant breached its contract with Plaintiff;

B. Award Plaintiff damages in an amount that will place him in the position he would have been in if the contract would have been performed; and

C. Award Plaintiff any and all other further relief that the Court deems just and equitable in the premises.

## COUNT VI
## DEFAMATION

55. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through fifty four (54) as if though fully set forth herein.

56. Subsequent to Defendants' termination of Plaintiff on June 6, 2008, Defendants have disseminated to third parties false statements regarding Plaintiff to other prospective employers and community members.

57. Said statements have imputed to Plaintiff an inability to perform or want in integrity in performing employment duties.

58. These statements have caused harm to Plaintiff's reputation in the region.

WHEREFORE, Plaintiff prays that this Court:

A. Award Plaintiff an amount that will compensate him for the actual damage that he has suffered;

B. Award Plaintiff punitive damages; and

C. Award Plaintiff any and all other further relief that the Court deems just and equitable in the premises

## COUNT VII
## 745 ILCS 10/9-102 CLAIM AGAINST THE CITY OF FULTON

59. That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through fifty eight (58) as if though fully set forth herein.

60. The City of Fulton was at all times relevant to this Complaint charged with oversight of the Defendants, Randy Balk and James Rhodes.

61. The Defendants committed the above-referenced acts under color of law and in the scope of their employment as employees of the City of Fulton.

WHEREFORE, Plaintiff prays that this Court:

A. Order the City of Fulton to pay any judgment obtained against Defendants in connection with this litigation pursuant to 745 ILCS 10/9-102 should the Defendants be found liable for the acts alleged in this Complaint; and

B. Award Plaintiff any and all other further relief that the Court deems just and equitable in the premises

Respectfully submitted,

PILLERS AND RICHMOND

By: _____
David M. Pillers
615 10th Street
DeWitt, Iowa 52742
Tele: 563-659-2548
Fax: 563-659-3161
Email: pillslaw@iowatelecom.net

ATTORNEYS FOR PLAINTIFF