**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THOMAS P. HOCHBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    08 C 50097 |
| | ) | |
| CITY OF FULTON, a municipal Corporation, | ) | Judge Frederick J. Kapala |
| RANDY BALK, Individually and in his official | ) | |
| Capacity as the City Administrator For the City | ) | Magistrate Judge P. Michael Mahoney |
| of Fulton, and JAMES E. RHODES, | ) | |
| individually and in his Official capacity as the | ) | |
| Chief of Police of the City of Fulton, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

Defendants, City of Fulton, Randy Balk and James E. Rhoades, by and through their attorneys, WilliamsMcCarthyLLP, for their answer to the complaint at law filed by plaintiff, state as follows:

**JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the First and Fourteenth Amendments to the Constitution of the United States and the supplemental jurisdiction of this Court as codified in 28 U.S.C. § 1367 (a).

> **ANSWER:**   Defendants admit that the allegations of plaintiff's complaint give rise to federal question jurisdiction but expressly deny those allegations as set forth below.

**PARTIES**

2.      At all times material hereto, Plaintiff, Thomas Hochbaum, was a resident of the City of Fulton and was employed as a Sergeant by the City of Fulton Police Department, in the State of Illinois.

**ANSWER:**     Defendants admit the allegations of paragraph 2 of plaintiff's complaint.

3.     At all times material hereto, Defendant, City of Fulton, was a duly incorporated Illinois municipal corporation and is the employer and/or principal of the Defendants.

**ANSWER:**     Defendants admit the allegations of paragraph 3 of plaintiff's complaint.

4.     At all times material hereto, Defendant, Randy Balk, was the City Administrator for the City of Fulton in the State of Illinois.  At all relevant times, this Defendant was acting under the color of law.  This Defendant is sued in his individual and official capacity.

**ANSWER:**     Defendants admit the allegations of paragraph 4 of plaintiff's complaint.

5.     At all times material hereto, Defendant, James Rhoades, was the Chief of Police for the City of Fulton.  At all relevant times, this Defendant was acting under the color of law.  This Defendant is sued in his individual and official capacity.

**ANSWER:**     Defendants admit the allegations of paragraph 5 of plaintiff's complaint.

6.     Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times material herein acted under color of state law, ordinance, regulations, custom or usage.

> **ANSWER:**     Defendants admit the allegations of paragraph 6 of plaintiff's complaint except to the extent that defendants deny that any ordinance, regulation, custom or usage of the City of Fulton is alleged in plaintiff's complaint.

### FACTS COMMON TO ALL COUNTS

7.     Thomas Hochbaum was hired as a police officer by the City of Fulton on or about January 1996.

**ANSWER:**     Defendants admit the allegations of paragraph 7 of plaintiff's complaint.

8.     During the course of his employment with the City of Fulton Police Department Plaintiff consistently received performance evaluations demonstrating that he satisfactorily, and in many cases excellently, performed all job duties.

**ANSWER:**     Defendants admit that plaintiff met its reasonable expectations until the occurrence leading to his discharge.

9.     Due to his positive job performance, Plaintiff was promoted to Sergeant of the Fulton Police Department.

**ANSWER:**     Defendants admit that plaintiff was a sergeant with the Fulton Police Department.

10.     Prior to May 15, 2007 Plaintiff was never disciplined by way of suspension or written reprimand; in fact, Plaintiff was never disciplined for a serious infraction.

**ANSWER:**     Defendants admit that prior to his termination, plaintiff was never suspended or disciplined by way of written reprimand but did receive two written "oral" reprimands.

11.     On or about October 2006, Plaintiff became the principle negotiator with the Illinois Fraternal Order of Police in an attempt to unionize the City of Fulton Police Department.

**ANSWER:**     Defendants admit the substance of the allegations of paragraph 11 of plaintiff's complaint and affirmatively aver that prior to October 2006, the F.O.P. was elected as the collective bargaining representative for the defined bargaining unit of the Fulton Police Department and plaintiff was involved in contract negotiations on behalf of the represented employees.

12.     The Plaintiff acted as spokesperson for the proposed union, disseminating information to fellow officers and other interested persons.

**ANSWER:**     Defendants were aware that plaintiff was a negotiator for the represented employees but lack sufficient knowledge or information to form a belief as to the truth of allegations that he was "spokesperson" for the union.

13.     In an effort to further the unionization of the Fulton Police Department the Plaintiff planned and held organizational meetings at his Fulton residence.

**ANSWER:**     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of plaintiff's complaint.

14.     The Plaintiff was known to be a union organizer by multiple decision and/or policy makers in the City of Fulton Police Depmtment and in the city government itself.

**ANSWER:**    Defendants admit that they were aware that plaintiff was one of the negotiators on behalf of the duly elected bargaining representative of its employees.

15.     On or about May 15, 2007 Plaintiff was involved in an incident, the severity of which did not result in discharge of similarly situated employees.

**ANSWER:**    Defendants admit that plaintiff was the subject of a citizen's complaint on May 15, 2007, but deny that there are or ever were similarly situated police department employees.

16.     The incident in question concerned a purely personal matter that, due to nothing more than a chance encounter, spilled over into a public arena.

**ANSWER:**    Defendants deny the allegations of paragraph 16 of plaintiff's complaint.

17.     The allegations levied against the Plaintiff by the Defendants concerning said matter were made in retaliation for the Plaintiff exercising his First Amendment rights of free speech and association.

**ANSWER:**    Defendants deny the allegations of paragraph 17 of plaintiff's complaint.

18.     James Rhoades conducted a rudimentary and insufficiently thorough investigation in response to the alleged incident and other accusations regarding the Plaintiff's job performance.

**ANSWER:**    Defendants deny the allegations of paragraph 18 of plaintiff's complaint.

19.     The findings of the investigation were used to establish that just cause existed for terminating Plaintiff.  Just cause did not in fact exist as the conduct cited by the Defendants did not constitute just cause when other officers were guilty of the same conduct.

**ANSWER:**    Defendants deny the allegations of paragraph 19 of plaintiff's complaint.

20.    On or about June 6, 2007, Plaintiff was discharged from his employment with the City

of Fulton Police Department.

**ANSWER:**    Defendants admit that plaintiff was discharged but affirmatively aver that the date of the final discharge letter is July 17, 2007 and the effective date of discharge is June 18, 2007.

## COUNT I
## RETALITORY DISCHARGE

21.    That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1)

through twenty (20) as if though fully set forth herein.

**ANSWER:**    Defendants re-allege and incorporate their answers to paragraphs 1 through 20 of plaintiff's complaint as their answer to paragraph 21 of count I.

22.    On or about October 2006, Plaintiff became the principle negotiator with the Illinois

Fraternal Order of Police in an attempt to unionize the City of Fulton Police Department.

**ANSWER:**    Defendants admit the allegations of paragraph 22 of plaintiff's complaint except that defendants lack sufficient knowledge or information to form a belief as to the truth of allegations concerning plaintiff's status as "principal negotiator."

23.    Plaintiff's dismissal was the direct result of his union activities, and retaliation thereof.

**ANSWER:**    Defendants deny the allegations of paragraph 23 of plaintiff's complaint.

24.    The Defendants' termination of Plaintiff was in contravention of public policy based

upon Plaintiff's exercise of his rights of freedom of association and speech guaranteed by the First

Amendment to the United States Constitution, as well as rights guaranteed by the Ill. Const. art I, §§

4 and 5, 29 U.S.C. § 151 et. seq., and 820 ILCS 511.2.

**ANSWER:**    Defendants deny the allegations of paragraph 24 of plaintiff's complaint.

## COUNT II
## FIRST AMENDMENT RETALIATION

25.    That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through twenty four (24) as if though fully set forth herein.

**ANSWER:**    Defendants re-allege and incorporate their answers to paragraphs 1 through 24 of plaintiff's complaint as their answer to paragraph 25 of count II.

26.    The Defendant, City of Fulton, by and through it employees and agents, expressed hostility toward the unionization efforts of Plaintiff, expressed said views regarding union activity to the City of Fulton's police officers, and ceased to consider potential officer benefits in retaliation for the aforementioned union activity.

**ANSWER:**    Defendants deny the allegations of paragraph 26 of plaintiff's complaint.

27.    Defendants, James Rhoades and Randy Balk, acting individually and as agents for the City of Fulton had animus attitudes regarding the unionization efforts of the City of Fulton police department and demonstrated such by terminating consideration of potential officer benefits in retaliation for said union activity.

**ANSWER:**    Defendants deny the allegations of paragraph 27 of plaintiff's complaint.

28.    The conduct of the Defendants in terminating Plaintiff from his employment with the City of Fulton Police Department was intended to retaliate against Plaintiff for the exercise of his rights of freedom of association and speech guaranteed by the First Amendment to the United States Constitution in that their discharge of Plaintiff was based on his union activity and attempt to unionize the City of Fulton Police Department.

**ANSWER:**    Defendants deny the allegations of paragraph 28 of plaintiff's complaint.

29.    The conduct of the Defendants in ceasing to consider potential police officer benefits was intended to retaliate against Plaintiff and other police officers for the exercise of their rights of

freedom of association and speech guaranteed by the First Amendment to the United States Constitution in that the termination of consideration of certain benefits was based on their union activity.

>    **ANSWER:**    Defendants deny the allegations of paragraph 29 of plaintiff's complaint.

30.    The Defendants retaliated against Plaintiff for exercising his First Amendment rights of free association and speech and intended by their conduct to discourage Plaintiff and other employees for the City of Fulton from exercising their rights under the United States Constitution.

>    **ANSWER:**    Defendants deny the allegations of paragraph 30 of plaintiff's complaint.

31.    As a result of such conduct, Plaintiff has been harmed by loss of his employment with the City of Fulton, inability to find employment with another police depaltment, emotional distress, and other employees have been discouraged in their exercise of First Amendment Constitutional rights of free association and speech.

>    **ANSWER:**    Defendants deny the allegations of paragraph 31 of plaintiff's complaint.

32.    Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times material herein acted under color of state law, ordinance, regulations, custom or usage.

>    **ANSWER:**    Defendants admit the allegations of paragraph 32 of plaintiff's complaint except to the extent that defendants deny that any ordinance, regulation, custom or usage of the City of Fulton is alleged in plaintiff's complaint.

33.    Defendants' conduct was intentional, malicious and in bad faith.

>    **ANSWER:**    Defendants deny the allegations of paragraph 33 of plaintiff's complaint.

## COUNT III
## DEPRIVATION OF FOURTEENTH AMENDMENT
## RIGHT TO DUE PROCESS OF LAW

34.    That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through thirty three (33) as if though fully set forth herein.

**ANSWER:**     Defendants re-allege and incorporate their answers to paragraphs 1 through 33 of plaintiff's complaint as their answer to paragraph 34 of count III.

35.     On or about June 5, 2007 the Defendant City of Fulton conducted an interrogation of Plaintiff as part of a formal investigation.

**ANSWER:**     Defendants deny the allegations of paragraph 35 of plaintiff's complaint but admit that on June 5, 2007, plaintiff was interviewed in the presence of a certified shorthand reporter as part of defendants' investigation into the citizen's complaint of May 15, 2007.

36.     On or about June 6, 2007 the City of Fulton, by and through Defendant Randy Balk, sought a meeting with Plaintiff to discuss the avenues available Plaintiff under the City of Fulton Personnel Policy Manuel [*sic*] and to advise Plaintiff that he had been terminated from his employment with the City of Fulton.

**ANSWER:**     Defendants admit that Balk and plaintiff met on June 6, 2007 to advise plaintiff that he was discharged and to outline grievance and hearing procedures available to plaintiff pursuant to the City's personnel manual.

37.     The purpose of this meeting was not to provide Plaintiff the opportunity to be heard regarding the charges against him.

**ANSWER:**     Defendants admit the allegations of paragraph 37 of plaintiff's complaint.

38.     At this meeting Plaintiff requested and was denied representation by a union representative.

**ANSWER:**     Defendants deny the allegations of paragraph 38 of plaintiff's complaint.

39.     On or about June 11,2007 Plaintiff appealed his dismissal pursuant to the City of Fulton Personnel Policy Manuel [*sic*].

**ANSWER:**     Defendants admit the allegations of paragraph 39 of plaintiff's complaint.

40.     On or about July 16,2007 the City of Fulton's city council voted against holding a hearing to allow Plaintiff the opportunity to be heard regarding the charges against him.

**ANSWER:**    Defendants admit the allegations of paragraph 40 of plaintiff's complaint.

41.    As Sergeant of the City of Fulton Police Department, Plaintiff had a property interest in his continued employment, as well as the benefits associated with said employment, which were deprived when Plaintiff was discharged from employment.

**ANSWER:**    Defendants deny the allegations of paragraph 41 of plaintiff's complaint.

42.    Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution were violated when Defendants deprived Plaintiff of a cognizable property interest without providing him with notice and an opportunity to be heard regarding the charges against him.

**ANSWER:**    Defendants deny the allegations of paragraph 42 of plaintiff's complaint.

43.    Defendants are persons within the meaning of 42 U.S.C. § 1983, and at all times material herein acted under color of state law, ordinance, regulations, custom or usage.

**ANSWER:**    Defendants admit the allegations of paragraph 43 of plaintiff's complaint except to the extent that defendants deny that any ordinance, regulation, custom or usage of the City of Fulton is alleged in plaintiff's complaint.

44.    Defendants' conduct was intentional, malicious and in bad faith.

**ANSWER:**    Defendants deny the allegations of paragraph 44 of plaintiff's complaint.

## COUNT IV
### STIGMATIZATION - DEPRIVATION OF DUE PROCESS OF LAW

45.    That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through forty four (44) as if though fully set forth herein.

**ANSWER:**    Defendants re-allege and incorporate their answers to paragraphs 1 through 44 of plaintiff's complaint as their answer to paragraph 45 of count IV.

46.    Subsequent to Plaintiff's termination, Defendants have created and disseminated a false and defamatory impression of Plaintiff in connection with his termination by advising potential employers of facts which are contested by Plaintiff.

**ANSWER:**   Defendants deny the allegations of paragraph 46 of plaintiff's complaint.

47.    Plaintiff's due process rights under the United States Constitution were violated when Defendants disseminated defamatory impressions about Plaintiff, inflicting stigma to his reputation, without providing him an opportunity to be heard and refute the charges.

**ANSWER:**   Defendants deny the allegations of paragraph 47 of plaintiff's complaint.

48.    Defendants' conduct was intentional, malicious and in bad faith.

**ANSWER:**   Defendants deny the allegation of paragraph 48 of plaintiff's complaint.

## COUNT V
## BREACH OF EMPLOYMENT CONTRACT

49.    That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through forty eight (48) as if though fully set forth herein.

**ANSWER:**   Defendants re-allege and incorporate their answers to paragraphs 1 through 48 of plaintiff's complaint as their answer to paragraph 49 of count V.

50.    On or about January 1996 Plaintiff was hired by Defendant, City of Fulton, as a police officer for the City of Fulton.

**ANSWER:**   Defendants admit the allegations of paragraph 50 of plaintiff's complaint.

51.    At the time of Plaintiff's hiring he was provided with a City of Fulton Personnel Policy Manual, which constituted an offer, and therein contained clear language of said offer.

**ANSWER:**   Defendants admit that plaintiff was provided with a personnel policy manual but deny that the manual is a contract or other promise of continued employment.

52.    Plaintiff read the language of the City of Fulton Personnel Policy Manual after he was provided a copy and was aware of the contents set forth within.

**ANSWER:**   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 52 of plaintiff's complaint.

53.     Plaintiff accepted the offer extended by the City of Fulton by complying with the provisions of the City of Fulton Personnel Policy Manual and continuing employment with the City of Fulton.

**ANSWER:**     Defendants deny the allegations of paragraph 53 of plaintiff's complaint.

54.     On or about June 6,2007 the Defendant, City of Fulton, breached its employment contract with Plaintiff when it discharged him without cause and failed to follow provisions contained the City of Fulton Personnel Policy Manual relating to officer discipline and termination.

**ANSWER:**     Defendants deny the allegations of paragraph 54 of plaintiff's complaint.

## COUNT VI
## DEFAMATION

55.     That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1) through fifty four (54) as if though fully set forth herein.

**ANSWER:**     Defendants re-allege and incorporate their answers to paragraphs 1 through 54 of plaintiff's complaint as their answer to paragraph 55 of count VI.

56.     Subsequent to Defendants' termination of Plaintiff on June 6, 2008, Defendants have disseminated to third parties false statements regarding Plaintiff to other prospective employers and community members.

**ANSWER:**     Defendants deny the allegations of paragraph 56 of plaintiff's complaint.

57.     Said statements have imputed to Plaintiff an inability to perform or want in integrity in performing employment duties.

**ANSWER:**     Defendants deny the allegations of paragraph 57 of plaintiff's complaint.

58.     These statements have caused harm to Plaintiffs reputation in the region.

**ANSWER:**     Defendants deny the allegations of paragraph 58 of plaintiff's complaint.

## COUNT VII
## 745ILCS 10/9-102 CLAIM AGAINST THE CITY OF FULTON

59.     That the Plaintiff repleads and reavers the allegations contained in paragraphs one (1)

through fifty eight (58) as if though fully set forth herein.

**ANSWER:**    Defendants re-allege and incorporate their answers to paragraphs 1 through 58
of plaintiff's complaint as their answer to paragraph 59 of count VII.

60.     The City of Fulton was at all times relevant to this Complaint charged with oversight

of the Defendants, Randy Balk and James Rhoades.

**ANSWER:**    Defendants deny the allegations of paragraph 60 of plaintiff's complaint.

61.     The Defendants committed the above-referenced acts under color of law and in the

scope of their employment as employees of the City of Fulton.

**ANSWER:**    Defendants admit that they are employees of the City of Fulton and that
plaintiff's termination was carried out by Rhoades and Balk in their official
capacities but deny that either committed any of the above-referenced
wrongful acts.

## AFFIRMATIVE DEFENSES

Defendants, the City of Fulton, Randy Balk and James Rhoades, for their affirmative defenses

to plaintiff, Thomas P. Hochbaum's complaint, state as follows:

### First Affirmative Defense

Hochbaum's complaint fails to adequately state a claim which, if supported by a showing of

any set of facts consistent with the allegations of his complaint, would entitle him to relief.  Fed. R.

Civ. P. 12(b)(6).

**Second Affirmative Defense**

1.    At the time and place of the occurrences complained of by Hochbaum, defendants

Rhoades and Balk acted in an objectively reasonable manner in that:

a)    Prior to taking any action, defendants conducted an investigation into allegations of wrongdoing by Hochbaum alleged to have been committed outside of his jurisdiction but while working and in uniform;

b)    Based on evidence obtained in that investigation, which included witness interviews and a transcribed interview with Hochbaum, he was terminated by the City Administrator and advised of his right to appeal pursuant to the terms of the City's personnel manual;

c)    Pursuant to the personnel policies, Hochbaum appealed his termination to the City Council and the City Council determined that no further hearing or investigation was necessary or required, that the record sufficiently demonstrated that Rhoades's and Balk's determination was supported and appropriate, and so notified Hochbaum, in writing, by its letter of July 17, 2007.

2.    To the extent that Rhoades and Balk have been sued in their individual capacities, each

is entitled to qualified immunity from suit.

**Third Affirmative Defense**

1.    Defendants Rhoades and Balk have each been sued in their individual capacities for

allegedly acting maliciously and with reckless disregard for Hochbaum's federally protected rights.

2.    To the extent that the amended complaint does not include any factual allegations that

the individual defendants were acting in their official capacities or pursuant to a custom, usage or

policy of the City of Fulton, there can be no liability on the part of the City of Fulton.

**Fourth Affirmative Defense**

1.    Several counts of Hochbaum's complaint purport to be brought pursuant to the

common law of Illinois and, as to those counts, at the time and place complained of in plaintiff's

amended complaint, there was in effect in Illinois a statute commonly known as the Illinois Municipal

Employees Tort Immunity Act ("Tort Immunity Act") which provided, among other things, that no public employee would be liable in negligence for injuries arising out of the performance of discretionary acts such as the hiring or firing of a police officer.  745 ILCS 10/2-201.

### Fifth Affirmative Defense

1.      Hochbaum's complaint contains multiple allegations that he has been discriminated against and/or retaliated against for having engaged in concerted activity protected by the Illinois Public Labor Relations Act.  5 ILCS 315/1 *et seq.*

2.      At the time of Hochbaum's discharge, the Fraternal Order of Police had been certified by the Illinois State Labor Relations Board as the duly elected bargaining representative of police officers, including sergeants, employed by the City of Fulton.

3.      Having elected a bargaining representative, there is a presumption that disputes such as those arising out of the termination of a represented employee will be submitted to binding arbitration.  5 ILCS 315/8.

4.      Additionally, there is a requirement of exhaustion of administrative remedies available under the Illinois Public Labor Relations Act prior to the filing of suit.  5 ILCS 315/16.

5.      There is nothing in the Illinois Public Labor Relations Act which creates a private right of action for retaliation by an employer for having engaged in activities protected by the Act.

6.      Hochbaum has failed to exhaust remedies available under the Illinois Public Relation Act and has failed to engage in protected expression.

For all of the foregoing reasons, defendants, the City of Fulton, Randy Balk and James Rhoades, pray this Court for entry of an order dismissing plaintiff, Thomas P. Hochbaum's complaint in its entirety and with prejudice.

-14-

_____/s/  Stephen E. Balogh_____
Stephen E. Balogh
Attorney for defendants,
CITY OF FULTON, RANDY BALK & JAMES E.
RHOADES
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

## **CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on July 30, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Attorney David M. Pillers
Pillers and Richmond
615 - 10th Street
DeWitt, IA  52742


                              /s/  Stephen E. Balogh
                              Stephen E. Balogh
                              Attorney for defendants,
                              CITY OF FULTON, RANDY BALK & JAMES E.
                              RHOADES
                              WilliamsMcCarthy LLP
                              120 W. State St., Suite 400
                              P.O. Box 219
                              Rockford, IL  61105-0219
                              Telephone:  (815) 987-8946
                              Facsimile:  (815) 968-0019
                              E-mail:  sbalogh@wilmac.com

-16-